UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD PHILIP SMITH, III | : | |
| | : | |
| v. | : | CIV. NO. 3:05CV960 (HBF) |
| | : | |
| CONNECTICUT DEPARTMENT OF CORRECTIONS, UNIVERSITY OF CONNECTICUT HEALTH CENTER, CORRECTIONAL MANAGED CARE, COMMISSIONER THERESA LANTZ, DR. EDWARD BLANCHETTE | : | |

RULING ON DEFENDANT LANTZ'S MOTION TO DISMISS

Plaintiff, Edward Philip Smith, III, brings this civil rights action pursuant to 42 U.S.C. §1983, alleging that defendants Commissioner of Corrections Theresa Lantz, Dr. Edward Blanchette, the Connecticut Department of Corrections, and the University of Connecticut Health Care Center, Correctional Managed Health Care, subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Pending is defendant Theresa Lantz's Motion to Dismiss for failure to allege any facts that she was personally involved in violating plaintiff's civil rights. She seeks dismissal of plaintiff's claims against her in her individual capacity. For the reasons that follow, defendant's motion to dismiss **[Doc. #64]** is **GRANTED**.

STANDARD OF LAW

Federal Rule of Civil Procedure 12(b) sets forth the grounds for filing a motion to dismiss. Rule 12(b) states in relevant part,

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19.

Defendant does not state, nor can the Court speculate, under which section of Fed. R. Civ. P. 12(b), he is proceeding.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. Spalding, 467 U.S. 69, 73 (1984). When deciding a motion to dismiss for failure to state a claim on which relief can be granted, the court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).

"Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle

him or her to relief." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (quoting Sweet v. Sheahan, 235 F.3d 80, 83 (2d cir. 2000)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." York v. Ass'n of the Bar of the City of New York, 286 F.3d 122 (2d Cir. 2002) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

FACTS

For purposes of the motion to dismiss, the Court accepts as true the following facts alleged in the Amended Complaint, dated August 2, 2006 [Doc. #50].

In September 1999, plaintiff was incarcerated at the Anamosa State Penitentiary in Iowa, pursuant to the Inter-State Compact Agreement. Amend. Compl. Doc. #50 ¶ 12-13. In October 1999, he underwent surgery called Arthrocentesis to correct his left temporomandibular joint ("TMJ"). Id. ¶ 14. This surgery temporarily relieved plaintiff's TMJ condition, but in September 2002, the condition reoccurred. Id. ¶ 14-15. While still incarcerated in Iowa, plaintiff had his impacted wisdom teeth removed, which left plaintiff with limited mobility and chewing function on his left side of the jaw. Id. ¶ 16. In December 2002, plaintiff was informed that he would need a second Arthrocentesis surgery to regain mobility and chewing function on his left side of the jaw. Id. ¶ 17. Plaintiff was placed on a non-chewing soft diet and was prescribed medication for the pain.

3

Id. ¶ 17. The second surgery was not performed in Iowa and on June 6, 2003, plaintiff was transferred from Iowa to Connecticut. Id. ¶ 19. Plaintiff wrote letters to the Connecticut Department of Corrections detailing his medical condition and the treatment he was receiving in Iowa. Id. ¶ 18.

The second Arthrocentesis surgery was performed in Connecticut in October 2004. Id. ¶ 38. In November 2004 plaintiff was seen by a different doctor at UCONN Health Center and was informed another surgery was recommended. Id. ¶ 39. In December 2004, plaintiff was seen by a different doctor at UCONN Health Center and was informed another surgery had to be approved. Id. ¶ 40. In January 2005, plaintiff was seen by a different doctor at UCONN Health Center and was informed he would not be receiving additional surgery. The doctor ordered plaintiff to visit a pain management clinic. Id. ¶ 41. In February 2005, plaintiff was informed by DOC medical staff that he would not be admitted into the pain management clinic and that he was receive treatment from Dr. Serafini, the facility doctor. Id. ¶ 43. To date plaintiff has not received a third surgery and continues to experience "extreme pain in his jaw, lack of movement of the jaw, and discomfort. Plaintiff continues to be unable to consume certain foods." Id. ¶ 51.

"Contemporaneously with the events described herein, Plaintiff wrote letters to various officials and entities, including Defendants, informing them of his medical condition, the inadequate treatment he was receiving, and of his desire to

4

receive the surgery that could adequately treat his condition." Id. ¶ 50.

In Count Three, plaintiff alleges that Commissioner Lantz and Dr. Blanchette unlawfully deprived him of his rights under the Eighth Amendment to the United States Constitution in the following ways:

    a.    Defendants Lantz and Blanchette directly participated in the unlawful deprivation of Plaintiff's rights secured to him by the Eighth Amendment to the United States Constitution;

    b.    Defendants Lantz and Blanchette had knowledge, were informed, or received reports of Plaintiff's serious medical condition and the conscious disregard thereof, and failed to remedy the wrong by failing to provide Plaintiff with the necessary, adequate, and effective medical treatment to treat Plaintiff's medical needs;

    c.    At all relevant times, Defendants Lantz and Blanchette created policies or customs under which the conscious disregard of Plaintiff'[s] serious medical condition occurred, or allowed the continuance of such policy or custom;

    d.    At all relevant times, Defendant Lantz and Blanchette were grossly negligent in supervising subordinates, agents, servants, or employees who had consciously disregarded Plaintiff's serious medical condition;

    e.    At all relevant times, Defendants Lantz and Blanchette exhibited deliberate indifference to Plaintiff's rights secured to him by the Eighth Amendment to the United States Constitution by

>           failing to act on information indicating
>           that Plaintiff's serious medical
>           condition was being consciously
>           disregarded.

Id. ¶ 63 (a-e).

Extrinsic Evidence Submitted by Plaintiff

In opposition to defendant's Motion to Dismiss, plaintiff attaches copies of several letters that he claims he sent to Commissioner Lantz complaining of his medical condition.[1] The letters were not attached to the Amended Complaint and plaintiff has not asked the Court to convert defendant's motion to dismiss to a motion for summary judgment.[2] As noted, on a Rule 12(b)(6) motion the Court is limited to a consideration of the legal adequacy of the pleadings and may not determine evidentiary issues. "Consideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule Civil Procedure 8(a)(2), which requires only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief." Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002)

---

[1] See exhibits attached to plaintiff's memoranda in opposition to defendant's motion to dismiss. [Doc. 67, Ex. A, (let. Feb. 4, 2004, Ex. B (let. Mar. 21, 2004), Ex. C (let. Aug. 3, 2004), Ex. D (let. May 17, 2005), Ex. E (Aug. 31, 2005), Ex. F. (let. Sept. 29. 2005). Ex. G (let. Oct. 10, 2005), Ex. H (let. Nov. 9. 2005), Ex. I (let. Dec. 15, 2005), Ex. J (let. Feb. 2, 2006), Ex. K (undated), Ex. L (let. Mar. 18, 2006), Ex. M (let. Mar. 18, 2006), Ex. N. (let. June 4, 2006)].

[2] Nor has plaintiff argued that the letters should be considered by the Court because they are incorporated by reference in the Amended Complaint. Int'l Audiotext Network, Inc. v. Am. Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

(citations omitted).

Once a District Court is presented with matters outside the pleadings, Rule 12(b) offers two options. The Court may exclude the extrinsic documents, or, the Court is obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56. Id. "This conversion requirement is 'strictly enforced' whenever a district court considers extra-pleading material in ruling on a motion to dismiss." Id. (quoting Amaker v. Weiner, 179 F.3d, 50 (2d Cir. 1999)). Defendant did not attach any evidence for consideration by the Court in support of the motion to dismiss and has had no opportunity to submit additional material to support a motion for summary judgment.

Accordingly, the Court will not consider the evidence submitted by plaintiff in opposition to the motion to dismiss. Id. at 155 (decision to convert a motion to dismiss into a summary judgment motion is within the sound discretion of the Court).

DISCUSSION

Defendant Theresa Lantz argues that the claims against her in her individual capacity should be dismissed because plaintiff fails to allege personal involvement in any of the alleged constitutional deprivations. Plaintiff alleges that the letters sent to Commissioner Lantz establish personal involvement in the

alleged constitutional violations.

To state a claim under Section 1983, plaintiff must allege direct or personal involvement in the alleged constitutional violation. See Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Moffit v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). "The rule in this circuit is that when monetary damages are sought under § 1983, the general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the defendant is required." Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir), cert. denied, 414 U.S. 1033 (1973). The "personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed wrongful acts, or (5) the defendant exhibited deliberate indifference in the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

8

A review of the Amended Complaint reveals no factual allegations demonstrating the personal involvement of Commissioner Lantz.  Plaintiff argues that since the Amended Complaint alleges that "plaintiff sent letters to officials at the Department of Corrections, the reasonable inference can and must be draw[n] that the letters were sent to Defendant Lantz. Further, as the [Amended] Complaint states, these letters detailed Plaintiff's medical condition, the inadequate treatment he was receiving and his desire to receive the surgery that could adequately treat his condition.  This information should have prompted a person in Defendant's position to respond appropriately."[3] [Doc. #67 at 7-8]. However, such conclusory

---

[3] In opposition to the motion to dismiss, plaintiff cites to the following allegations in the Amended Complaint. He argues that he

> repeatedly stated [in the Amended Complaint] that he sent letters to the Defendants informing them of his condition and the inadequate treatment [he] was receiving. See Amend. Compl. ¶ 18 ("Contemporaneously with these events, Plaintiff wrote letters to the Connecticut Department of Corrections detailing his medical condition and the inadequate treatment he was receiving in Iowa"); see also Amend. Compl. ¶ 24 (["the law [firm] of Murtha Cullina] contacted various officials of the Department of Corrections to ensure that Plaintiff receive[d] the necessary medical care to treat his condition."); see also Amend. Compl. ¶ 25 ("Since his return to Connecticut, Plaintiff made numerous requests and filed various grievances seeking to receive the Arthrocentesis surgery."); see also Amend. Compl. 36 ("After making further requests to several officials, Plaintiff was again denied access to a pain management clinic"); see also Amend. Compl. ¶ 39 ("Plaintiff wrote letters to various

9

allegations are insufficient to establish the personal involvement of Commissioner Lantz under Section 1983. See Colon, 58 F.3d at 873. Rather, to impose supervisory liability, a prisoner must allege that the official had actual or constructive notice of the unconstitutional practices and demonstrated gross negligence or deliberate indifference by failing to act. Merriwether v. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989).

For purposes of Section 1983, however, personal involvement cannot be established based on the receipt of a letter or grievance. Woods v. Goord, No. 01 Civ. 3255(SAS), 2002 WL 731691, at *7 (S.D.N.Y. Apr. 23, 2002) (collecting cases). Likewise, "allegations that an official ignored a prisoner's letter or grievance, is insufficient to establish personal liability for purposes of section 1983." Atkins v. County of Orange, 251 F. Supp. 2d 1225, 1233 (S.D.N.Y. 2003); see Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997); see also, Voorhees v. Goord, No. 05 Civ. 1407, 2006 WL 1888638, *5 (S.D.N.Y. Feb. 24, 2006) (collecting cases); Burgess v. Morse, 259 F. Supp. 2d 240, 248 (W.D.N.Y. 2003) ("[T]he fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement); Thompson v. State of New York, No. 99 Civ. 9875(GBD)(MHD), 2001 WL 636432, at *7 (S.D.N.Y. Mar.

>>officials and entities, including Defendants, informing them of his medical condition, the inadequate treatment he was receiving, and of his desire to receive the surgery that could adequately treat his condition.").

[Doc. 67 at 7].

10

15, 2001) (holding that the adoption by the DOC Superintendent of the recommendation by an investigating officer of a prisoner's grievance cannot by itself demonstrate supervisory liability); Ramos v. Artuz, No. 00 Civ. 0149(LTS)(HBP), 2001 WL 840131, at *7 (S.D.N.Y. July 25, 2001) ("District Courts have generally been reluctant to find personal involvement sufficient to support liability where a prison official's involvement is limited to the receipt of a prisoner's letters or complaints."); Rivera v. Goord, 119 F. Supp. 2d 327, 344 (S.D.N.Y. 2000) (holding that written complaints ignored by prison officials is insufficient to hold supervisory defendants liable under §1983). "Even assuming [defendants] had received [plaintiff's] complaints and were aware of the allegedly unconstitutional conduct of the Medical and Correctional defendants, [plaintiff] has alleged no facts by which it could be inferred that any of these defendants were deliberately indifferent to the violations or grossly negligent in supervising any of the other defendants); Thomas v. Coombe, No. 95 Civ. 10342(HB), 1998 WL 391143, *6 (S.D.N.Y. July 13, 1998). "Were it otherwise, virtually every prison inmate who sues for constitutional torts by [prison officials] could name the [supervisor] as a defendant since the plaintiff must pursue his prison remedies, and invariably the plaintiff's grievance will have been passed upon by the [supervisor]." Thompson v. State of New York, 2001 WL 636432, at *7; see Woods v. Goord, 2002 WL 731691, at *7 ("Referring medical complaint letters to lower-ranked prison supervisors, however, does not constitute

personal involvement.") (citing Ramos, 2001 WL 840131, at *8). "The reason for this rule appears to be the fact that high-level DOC officials delegate the task of reading and responding to inmate mail to subordinates, and, thus, a letter sent to such an official often does not constitute actual notice." Voorhees, 2006 WL 1888638, at *5 (citing Freeman v. Goord, 02 Civ. 9033(PKC), 2005 WL 3333465, at * 10 (S.D.N.Y. Dec. 7, 2005)); see Sealey, 116 F.3d at 51 (Commissioner referred the prisoner's first letter to a director for a decision on the prisoner's appeal. The second letter was a status inquiry and the Commissioner informed the prisoner that a decision was rendered. The Court of Appeals found that the letters and the Commissioner's response did "not demonstrate the requisite personal involvement.").

Plaintiff alleges that he sent letters to Commissioner Lantz complaining of his "serious medical condition" that were disregarded. On this record, plaintiff has failed to allege personal involvement by Commissioner Lantz since her involvement was limited solely to the receipt of letters and her "conscious disregard" of plaintiff's complaints of a "serious medical condition." "As one court noted, 'if mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983 does not impose respondeat superior liability.'" Johnson v. Wright, 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2002)

12

(quoting, Walker v. Pataro, 2002 WL 664040, at *12 (S.D.N.Y. Apr. 23, 2002). "Personal involvement will be found, however, where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews or responds to a prisoner's complaint." Id. (citing Ramos, 2001 WL 840131, at *8-10).

CONCLUSION

For the reasons stated, defendant Lantz's Revised Motion to Dismiss **[Doc. #64]** is **GRANTED** on the claims in her individual capacity.[4]

Dated at Bridgeport this 1st day of March 2007.

____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[4] This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #47] on July 31, 2006, with appeal to the Court of Appeals.

13